IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE HOLMES, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| JETT PRO ATL LINE MAINTENANCE, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff George Holmes ("Plaintiff" or "Mr. Holmes"), by and through undersigned counsel, and files his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.* ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed his charge of discrimination against Jett Pro Atl Line Maintenance, LLC ("Defendant") with the EEOC on February 17, 2017; the EEOC issued its Notice of Right to Sue on February 27, 2017.  Plaintiff received the Notice of Right to Sue on or after February 27, 2017.

3.

Plaintiff timely files this action within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

5.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

2

## PARTIES

6.

Plaintiff is an African-American male, a citizen of the United States, and subject to the jurisdiction of this Court.

7.

Upon information and belief, Defendant is a domestic limited liability company authorized to do business in the state of Georgia and, at all relevant times, has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Karl Walter, at 3400 Inner Loop Road, Suite 217, Hapeville, GA 30354.

9.

Defendant is now and, at all times relevant hereto, has been a for-profit company engaged in an industry affecting commerce.  During all times relevant hereto, Defendant employs fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title in accordance with 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

10.

On or about January 2, 2017, Defendant hired Plaintiff as an Aviation Mechanic.

11.

Not long starting his work for Defendant, Plaintiff discovered that his Team Lead, Javier Martinez, was close friends with Rod Garmany, an Executive at Certified Aviation Services ("CAS"), Plaintiff's former employer.

12.

Plaintiff has a lawsuit pending against CAS for unlawful discrimination.

13.

Defendant Jett Pro, by and through its Team Leads, began writing up Plaintiff in retaliation for bringing claims against his former employer.

14.

Defendant wrote Plaintiff up for no reason.

15.

Days before his termination, the other Team Lead, Rico, was overheard saying that they were going to "punish" Plaintiff.

4

16.

Defendant terminated Plaintiff on February 16, 2017.

17.

Team Lead Javier Martinez was present when Plaintiff was terminated and smiled as Plaintiff left.

18.

The night supervisor who terminated Plaintiff, JR, could not give Plaintiff a reason for his termination.

19.

After telling Plaintiff that he was terminated, JR stated to Plaintiff, "aviation is a small world, you gotta be careful."

20.

Plaintiff called his direct supervisor, Karl Walter, the following morning to ask why he had been terminated.

21.

Plaintiff disputed the write-ups and told Mr. Walter that they were not true.

22.

Mr. Walter told Plaintiff that he had to go by what his Team Leads said and upheld the decision to terminate Plaintiff.

23.

Plaintiff was written up in retaliation for bringing discrimination claims against his former employer, CAS.

24.

Plaintiff was terminated by Defendant in retaliation for bringing discrimination claims against CAS.

25.

Despite Plaintiff's complaint of discrimination, the company conducted no investigation.

26.

Instead of investigating Plaintiff's complaint, or taking any corrective action, Defendant upheld Plaintiff's termination.

27.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, its reason is unlawful pretext.

28.

Others outside of the Mr. Holmes's protected class were treated differently.

## CLAIMS FOR RELIEF

### COUNT I:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Plaintiff engaged in protected conduct when he filed charges of discrimination against his former employer.

31.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

32.

A causal connection exists between Plaintiff's protected conduct and the adverse action he suffered.

33.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

34.

Defendant, therefore, is liable for the damages proximately resulting from its retaliation.

7

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was taken in bad faith.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

**WHEREFORE**, Plaintiff seeks judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

8

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant Jett Pro Atl Line Maintenance, LLC, has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Jett Pro Atl Line Maintenance, LLC, from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted the 26th day of April, 2017.

**BARRETT & FARAHANY**

 /s/ *Ian E. Smith*
Amanda Farahany
Georgia Bar No. 646135
Ian E. Smith
Georgia Bar No. 661492

*Attorneys for George Holmes*

9

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
iesmith@justiceatwork.com